ON RETURN TO REMAND
McMILLAN, Judge.
Pursuant to the Alabama Supreme Court’s holding in Ex parte Harper, 594 So.2d 1181 (Ala.1991), this court remanded this case for the trial judge to determine whether the appellant’s trial counsel was ineffective under the guidelines of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). 594 So.2d 1196.
On return to remand, the trial judge made the following findings:
“Defendant contends that his attorney was ineffective at trial due to inadequate contact with Defendant, failure to subpoena three witnesses for Defendant, and to seek suppression of the evidence in the case due to the number of fragments of crack cocaine admitted at trial exceeding the number of five pieces testified as being sold to the undercover police officer.
“Upon review of the transcript of this testimony as well as the trial transcript, the Court finds that such does not reveal an inadequate defense in this case and that the trial results would have been the same had Defendant’s attorney had more contact with him prior to trial. Defendant’s wife, one of the witnesses which he felt should have been subpoenaed, was at trial and could have testified if necessary. However, although Mrs. Harper did not testify nor were the other witnesses subpoenaed, the Defendant admitted that he had not provided any addresses nor was there any evidence of how Defendant’s attorney could have located those witnesses. Regardless, with the strength of the State’s case the Court does not feel that failure to call these witnesses would have affected the outcome of the case.
“The difference in the number of fragments of rock cocaine frequently occurs in cases due to breakage and is not of any substance giving rise to suppression of any or all of the evidence in the case on that basis.
“For these reasons, this Court is of the opinion that Defendant’s complaints are without merit and would not have changed the result in his trial.”
We have carefully reviewed the trial judge’s findings. We agree with the trial court that the appellant failed to establish a meritorious claim of ineffective assistance of counsel within the meaning of Strickland v. Washington, supra.
Accordingly, the judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All Judges concur.